UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61606-CIV-COHN/SELTZER

ROY FERGUSON,

    Plaintiff,

vs.

NORTH BROWARD HOSPITAL DISTRICT
n/k/a BROWARD HEALTH,

    Defendant.
_____/

## ORDER ON VARIOUS MOTIONS

THIS CAUSE is before the Court on various motions filed by the parties and the Court being sufficiently advised,[1] it is hereby ORDERED as follows:

1.    Defendant's Motion for Protective Order and for Sanctions (DE 34) (filed April 8, 2011) is DENIED as untimely. Defendant's counsel suspended the March 17, 2011 deposition of Paul Ward after 50 minutes of testimony because of alleged abusive questioning of the witness by Plaintiff's counsel; at that time, Defendant's counsel indicated she would be moving for a protective order. Federal Rule of Civil Procedure 30(d) provides that "the deponent or a party may move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys,

---

[1] Both Defendant's Motion for Protective Order and Plaintiff's Motion for Sanctions concern the suspension of the deposition of Paul Ward. Defendant has responded to Plaintiff's sanctions motion (DE 36); the time has not yet passed for Plaintiff to respond to Plaintiff's Motion for Protective Order. However, because of the overlapping nature of the motions and the Court's own review of Ward's deposition transcript, the Court does not believe any further responses or replies to the pending motions are necessary. The Court, therefore, will proceed to rule on the motions to prevent further delay, particularly in light of the pending summary judgment motion and the approaching trial date.

embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Additionally, "[i]f the objecting deponent or party so demands, the deposition must be suspended **for the time necessary to obtain an order**." Id. (emphasis added).  Although the Rule does not set forth a specific time for filing a motion for protective order or a motion to terminate or limit the deposition, courts have noted that such motions must be filed "immediately" or "promptly" after the suspension of the deposition.  See, e.g., Buckley Towers Condo., Inc. v. QBE Ins. Corp., No. 07-22988-Civ-Moreno/Torres, 2008 U.S. Dist. LEXIS 49305, at *26 (S.D. Fla. June 26, 2008) (Torres, M.J.) (citing cases that note motions for protective order under Fed. R. Civ. P. 30(d)(3) should be filed **immediately**) (citing Nutmeg Ins. Co. v. Atwell, Vogel & Sterling, 120 F.R.D. 504, 508 (W.D. La. 1988) and American Hanger, Inc. v. Basis Line, Inc., 105 F.R.D. 173, 175 (D. Mass. 1985)); Oleson v. KMart Corp., 175 F.R.D 570, 573 (D. Kan. 1997) ("If [counsel] believed the inquiry to be so irrelevant or argumentative that the witness should not be required to respond, his remedy was to clearly state his objection, terminate the deposition and bring the matter **promptly** to the court under Fed.R.Civ.P. 30(d)(3).") (emphasis added).  In any event, the time for filing such a motion following a suspension of a deposition is certainly far less than 22 days.[2]

Accordingly, the Court will permit Plaintiff to depose Paul Ward for an additional 6

---

[2] Defendant's counsel notes that she ordered Ward's deposition transcript immediately after suspending the deposition, but the transcript was not finalized and provided to her until April 4, 2011 (18 days after the suspension).  Defendant's counsel, however, has not explained why she could not have promptly filed the instant motion after the suspension of the deposition and later supplemented it with the deposition transcript, if necessary, or why she could not have ordered an expedited copy of the 17-page transcript so that she could have timely filed the motion.

hours and 10 minutes at a time and date mutually convenient for the witness and counsel; Ward's deposition shall be completed no later than April 29, 2011.[3] Plaintiff's counsel shall not inquire further as to Ward's immigration status, his reason for leaving the employment of the defendant company, or his application for employment thereafter.

Defendant contends that Plaintiff's counsel conducted Ward's deposition abusively and in bad faith. By contrast, Plaintiff's counsel characterizes his inquiry as aggressive, but not oppressive. Although the Court declines to rule on the merits of Defendant's motion, suffice it to say that the Court is troubled by the tone of the deposition. The Court trusts that in the future counsel will conduct themselves with professionalism and civility. See Discovery Practices Handbook I.A(1) ("Discovery in this District is normally practiced with a spirit of cooperation and civility."); Discovery Practices Handbook II.B(3) ("[Deposition] witnesses should be treated with courtesy. Those conducting depositions under the Local Rules of this District should take careful note of the provisions of Local Rule 30.1, entitled 'Sanctions for Abusive Deposition Conduct.'"); Preamble, Guidelines for Professional Conduct, Florida Bar Rules (noting that attorneys have a "duty of courtesy and cooperation with fellow professionals for the efficient administration of our system of justice and the respect of the public it serves"). As one district court has noted:

> The deposition process is dependant upon the professionalism of counsel as they voluntarily comply with Fed.R.Civ.P 30. It requires counsel to cooperate with each other and with the deponents. The court is not present during the deposition to rule on objections or to enforce the rules. When counsel obstructs the process, there is not only a violation of the rules but there is an adverse reflection on the legal profession in the eyes of the witnesses whose most significant contact with

---

[3] The Court expects counsel to cooperate in scheduling the deposition.

3

>     attorneys may through taking his or her deposition. The
>     expense of deposition is increased for all litigants.

Oleson, 175 F.R.D. at 573.

2.      Plaintiff's Motion for Sanctions (DE 32) is DENIED except to the extent it requests that Plaintiff be permitted to suspend the time for responding to Defendant's Motion for Summary Judgment. Plaintiff's Motion is premised, in part, on Defendant's failure to file a protective order after suspending Ward's deposition. After the filing of Plaintiff's sanctions motion, however, Defendant did file a motion for protective order, albeit untimely. And because the Court is permitting Plaintiff to complete Ward's deposition and to delay his response to Defendant's summary judgment motion, the Court will not to strike Defendant's summary judgment motion or Ward's Declaration in support thereof.

3.      Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment (DE 35) is GRANTED. Plaintiff shall have 10 days after the completion of Ward's deposition to respond to Plaintiff's Motion for Summary Judgment. Defendant shall file its reply no later than 7 days after Plaintiff files his response.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of April 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

4