UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61606-CIV-COHN/SELTZER

ROY FERGUSON,

    Plaintiff,

vs.

NORTH BROWARD HOSPITAL
DISTRICT n/k/a BROWARD HEALTH,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S BILL OF COSTS

**THIS CAUSE** is before the Court on Defendant North Broward Hospital District n/k/a Broward Health's Bill of Costs [DE 82]. The Court has considered the Bill of Costs, Plaintiff Roy Ferguson's Objections [DE 84], Defendant's Reply [DE 85], and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On August 31, 2010, Plaintiff filed this action for violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. [DE 1]. On May 27, 2011, the Court entered Final Judgment [DE 81] in favor of Defendant and against Plaintiff. On June 10, 2011, Defendant filed its Bill of Costs, requesting that the Clerk tax certain costs against Plaintiff.

### II. DISCUSSION

A court may only tax costs as authorized by statute. See Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). Defendant seeks costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Rule 54 states that costs

"shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Fed. R. Civ. P. 54(d)(1).  Section 1920 provides that a court may tax as costs the following specified items:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The presumption is in favor of awarding costs.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).  As such, "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party."  Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Defendant's Bill of Costs requests that the Clerk tax the following costs against Plaintiff:

| | |
|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ................ | $ 2,718.75 |
| Fees and disbursements for printing ........................................ | $ 309.45 |
| TOTAL: | $ 3,028.20 |

In support of its request, Defendant submits itemized bills for each charge [DE 82-1].

Plaintiff filed his Objections on June 27, 2011, objecting to taxation of the following costs:

| | |
|---|---|
| Copies of condensed or extra transcripts | $ 140.00 |
| Expedited transcripts | $ 347.70 |
| Public records request | $ 65.70 |
| Copy charges | $ 243.75[1] |

In its Reply, Defendant "withdraws its request for the $140.00 in condensed transcripts." Reply at 2. Accordingly, the Court will exclude the $140.00 in condensed transcripts from Defendant's award.[2] As for Plaintiff's remaining objections, the Court addresses each objection in turn.

### A. Expedited Transcripts

Plaintiff objects to Defendant's request for $347.00 in expedited transcript costs. Costs for deposition transcripts are taxable as long as the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In evaluating whether such costs are recoverable, "the court should consider whether the prevailing party could have reasonably believed that [they were] necessary." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). Such costs are not

---

[1] Plaintiff objects to copy charges in the amount of $273.75, but Defendant's Bill of Costs and attached bills show the amount of copy charges to be $243.75. Therefore, the Court construes Plaintiff's objection as an objection to $243.75 in copying charges.

[2] In the future, the parties shall comply with the conferral requirements of Local Rule 7.1. Though the Bill of Costs certifies that the parties conferred and were unable to resolve the issues raised in the Bill of Costs, had the parties actually engaged in a proper good faith conference, they should have been able to resolve the issue regarding condensed transcripts on their own.

recoverable if they were "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only." Id. at 620-21.

Defendant contends that the expedited transcript was "necessarily obtained in conjunction with [Defendant's] Second Motion for Protective Order and was used in preparation of [Defendant's] Reply in Support of its Second Motion for Protective Order." Reply at 2. Plaintiff argues that the cost "arises out of discovery misconduct by the Defendant and was used in an unsuccessful motion for sanctions against the Plaintiff." Obj. at 1. Nothing in this objection refutes the fact that Defendant obtained the expedited transcript because it reasonably believed that the expedited transcript was necessary. Plaintiff, therefore, has not met its burden to show that the expedited transcript was not a taxable cost. See 28 U.S.C. § 1920(2); see also Integra Resort Mgmt., 385 F. Supp. 2d at 1288. Thus, the Court finds that the expedited transcript was reasonably necessary for use in this case, and the cost of the expedited transcript will not be excluded from the award.

### B. Public Records Request and Copies

Plaintiff also objects to Defendant's request for $65.70 in public records requests and $243.75 in copy charges. Costs for copies are taxable as long as the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As with the transcript costs, "the court should consider whether the prevailing party could have reasonably believed that [the copy costs were] necessary." W&O, Inc., 213 F.3d at 623.

1. Public Records Request

Defendant represents that it "reasonably believed that a copy of Plaintiff's EEOC file was necessary and relevant to the instant lawsuit." See Reply at 3. Plaintiff does not argue otherwise. Rather, he contends that the public record copy "is not a taxable cost. It is an expense imposed by state law on governmental bodies." Obj. at 1. Plaintiff does not cite any authority for such a proposition. Indeed, other district courts have awarded costs for public records requests. See, e.g., Sharp v. City of Palatka, Case No. 3:06-cv-200-J-TEM, 2008 WL 4525092, at *4 (M.D. Fla. Oct. 6, 2008 ) (denying objection to costs for public records request); Abusaid, Jr. v. Hillsborough Cnty. Bd. of Cnty. Com'rs, Case No. 8:03-cv-904-T-TBM, 2008 WL 2329409, at *3 (M.D. Fla. June 4, 2008) (awarding costs for public records request). Therefore, the Court finds that the cost for the public records request was reasonably necessary for use in this case, and this cost will not be excluded from the award.

2. Other Copies

With respect to the remaining copy charges, Plaintiff argues that "[t]he copying is not specific and it is impossible to ascertain whether it was for proper purpose." Obj. at 2. Although the burden is on the losing party to show that a cost is not taxable, the prevailing party "still bears the burden of submitting a request for [costs] that would enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000). This is because the knowledge regarding the proposed copy charge "is a matter within the exclusive knowledge of the prevailing

party." Integra Resort Mgmt., 385 F. Supp. 2d at 1288.

In support of its request for copy costs, Defendant submits a list of copies including the date, price, and number of pages for each set of copies [DE 82-1 at 7]. Curiously, the list of copies dates back to July 6, 2009, over a year before the instant lawsuit was filed. See id. The list contains no description as to which documents were copied or the purpose for the copies, but in its Reply, Defendant adds that the copying charges "consist[] of copies of pleadings, discovery, documents provided to Plaintiff, documents utilized at Plaintiff's deposition and documents prepared for the Court's consideration." Reply at 3. Though Defendant could have been more specific in describing its copy costs, the costs it describes are all recoverable. See, e.g., Buckley Towers Condo., Inc. v. QBE Ins. Corp., Case No. 07-22988-Civ, 2011 WL 710699, a *3 (S.D. Fla. March 1, 2011) (Report and Recommendation adopted by district court in Case No. 07-22988-Civ, DE 503). Further, Plaintiff has not pointed to any copies that were made merely for counsel's convenience or for any other improper purpose.

However, the Court is not convinced that the charges incurred before the case was filed were for pleadings, discovery, documents for Plaintiff or for Plaintiff's deposition, or documents prepared for the Court. Defendant provides no other justification for taxing the costs incurred before this action was filed. Therefore, the Court will exclude the $12.60 in copying charges incurred before Plaintiff filed this case. See, e.g., Lee, 93 F. Supp. 2d at 1336 (civil rights case finding "that the costs incurred prior to commencement of the action are not taxable"). Otherwise, the Court finds that all remaining copy costs were reasonably necessary for use in this case, and these costs will not be excluded from the award.

6

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant North Broward Hospital District n/k/a Broward Health's Bill of Costs [DE 82] is **GRANTED in part and DENIED in part** as follows:

    a. The Bill of Costs is **DENIED** as to certain costs in the amount of $152.60;

    b. The Bill of Costs is **GRANTED** as to the remaining costs in the amount of $2875.60;

2. The Court shall enter a Final Judgment Taxing Costs by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of August, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF